UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCHESTER DIVISON

GABRIELLE HARRIS,

    Plaintiff

vs.

DANIELS LAW OFFICES, PC,
    And
OSI FUNDING CORPORATION,
    Defendant

Civil Action No.:

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## COMPLAINT

NOW COMES the Plaintiff, GABRIELLE HARRIS, by and through her attorneys, KIMMEL & SILVERMAN, PC, for her complaint against the Defendants, DANIELS LAW OFFICES, PC and OSI FUNDING CORPORATION, Plaintiff states as follows:

### I. JURISDICTION & VENUE

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business within the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## II.  PARTIES

6. GABRIELLE HARRIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Shrewsbury, Massachusetts.

7. DANIELS LAW OFFICES, PC (hereinafter, "DANIELS") is a corporation engaged in the collection of debts and incorporated in the Commonwealth of Massachusetts with a business address located at 1250 Hancock Street, Suite 600N, P.O. Box 699241, Quincy MA 02269-9241.

8. OSI FUNDING CORPORATION, (hereinafter, "OSI") is a business entity engaged in the collection of debts and incorporated in the State of Missouri with a business address located at 390 S. Woods Mill Road, Suite 350, Chesterfield, MO 63017-3668.

9. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. At all relevant times, Defendant DANIELS acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

11. DANIELS is not a licensed debt collector within the Commonwealth of Massachusetts to collect debts for third parties as required by M.G.L. CH. 93 §24-28. (*See Plaintiff's Exhibit A*).

12. Despite not being authorized to collect debts within the Commonwealth of Massachusetts, Defendant DANIELS, sought to collect a debt allegedly owed by Plaintiff.

13. At all relevant times, Defendant OSI acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

14. OSI is not a licensed debt collector within the Commonwealth of Massachusetts to collect debts for third parties as required by M.G.L. CH. 93 §24-28. (See *Plaintiff's Exhibit A*).

15. Despite not being authorized to collect debts within the Commonwealth of Massachusetts, Defendant OSI, held itself out as being a company collecting a debt allegedly owed by Plaintiff.

16. Both Defendants worked in concert with one another to collect a debt allegedly owed by Plaintiff.

## III. **PRELIMINARY STATEMENT**

17. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

18. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

19. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing

20. "Shiloh Hayfield" contacted Plaintiff two (2) to three (3) times a day at his place of employment. Plaintiff currently serves in the United States Marine Corps and is stationed as a Recruiter at the Recruiting Office in Plymouth, MA.

21. Defendant knew Plaintiff was not allowed to accept calls at his place of employment but continued to contact him anyway, in attempt to harass, embarrass and cause damage to Plaintiff.

22. "Shiloh Hayfield" raised her voice and threatened "to call [Plaintiff's] Commanding Officer if the debt [was not] paid" and to make derogatory statements.

23. "Shiloh Hayfield" told Plaintiff that he would "get kicked out of the Marine Corps" and "be put into the Brig (prison) if [he failed to pay the alleged debt]."

24. Defendant told Plaintiff that he could be sued and his wages garnished if he did not pay the alleged debt.

25. Plaintiff told Defendant to stop contacting him; however, Defendant ignored Plaintiff's instructions and continued to contact him.

26. At all times Plaintiff has disputed owing the debt.

27. On at least one occasion, Defendant used false, misleading and deceptive means in connection with the collection of an alleged debt.

28. Defendant continues to attempt to collect on the alleged debt.

PLAINTIFF'S COMPLAINT

25. Plaintiff relocated from Gardner to her current address in Shrewsbury, Massachusetts and has maintained that address since that time. The post office was appraised of this change and all mail directed to her prior address had been appropriately routed to her new address, without incident. Plaintiff has and continues to receive mail at the Shrewsbury address.

26. Plaintiff was first contacted by Defendant DANIELS and OSI, upon receiving a document titled "Supplementary Process Summons" in February, 2010. The document and communications from Defendants represented that a judgment had been secured in 2002. The document includes a court docket number and is listed as being filed with "Trial Court of the Commonwealth Court District Court Department Westborough Division" (*See Plaintiff's Exhibit B*).

27. The statute of limitation for collection of an open account is 6 years. *See M.G. L. Title V, Ch. 260 §2.*

28. The statute of limitations for this alleged debt, regardless of its merits, has long since expired.

29.. On March 26, 2010, counsel for Plaintiff investigated directly with the Gardner District Court and the Westborough District Court and learned that there is no docket of any claim against Plaintiff from 2002 (or otherwise), nor any judgment against her either.

30. On March 26, 2010, Plaintiff's attorney contacted Defendant DANIELS with the intent to obtain a copy of the alleged judgment from 2002, but Defendant DANIELS Law Office personnel were uncooperative in the extreme, and refused to put through the call to an attorney.

31. Plaintiff's counsel had the call directed to a "collection agent" at which time again requested to speak with Attorney Richard Daniels in relation to the summons. The "collection agent" stated that "Attorney Daniels does not take any incoming calls and there is no other attorney at that office to speak with". The undersigned asked the "collection agent" to provide copies of all court documents and any non-related court documents, specifically proof of service of the original judgment back in 2002 but was told that she "did not have such documentation as the case was too old to be in her computer system but usually proof of service is left at the last & usual [sic]."

32. Upon information and belief, Defendants OSI and DANIELS filed and served *Exhibit B* knowing that the statute of limitations had expired, claiming a non-existent 2002 judgment for a complaint it never served upon Plaintiff.

33. Upon information and belief, Defendants acted in concert, filing and serving *Exhibit B* to falsely represent a judgment had been taken in 2002 and to extract a settlement of the claim from Plaintiff in 2010. Defendants had no justification in fact or law to support such conduct.

## CONSTRUCTION OF APPLICABLE LAW

34. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

35. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA

was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
*(Violation of the Unfair, Deceptive or Unreasonable Debt Collection Procedures, M.G.L. Ch. 93 §24-28 against both Defendants)*

37. Defendants acted as unauthorized debt collectors within the confines of the Commonwealth of Massachusetts, in their attempt to collect an alleged debt, have engaged in unfair, deceptive and unreasonable debt collection practices, within the meaning of M.G.L. ch. 93 § 24-28.

38. These actions include, but are not limited to, using unfair and unconscionable means to collect or attempt to collect a debt by an unlicensed debt collector within the Commonwealth of Massachusetts. *(See Exhibit A).*

39. Defendants acted as unauthorized debt collectors within the confines of the Commonwealth of Massachusetts, fail to meet the requirements of the

PLAINTIFF'S COMPLAINT

Commonwealth's Debt Collection Laws and the Federal Trade Commission, are not licensed as a "debt collector" within the Commonwealth, as required by law. *(See Exhibit C)*.

40. Defendants are unauthorized to file a lawsuit within the Commonwealth of Massachusetts, to attempt to collect an alleged debt if not licensed as a "debt collector" within the Commonwealth and such action must be dismissed as a matter of law with prejudice. *(See Exhibit B)*.

41. Plaintiff has incurred damage as a result of Defendants' violations of M.G.L. ch. 93 § 24-28.

**COUNT II**
*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. against both Defendants)*

42. In its attempts to collect the debt allegedly owed by Plaintiff, Defendants, DANIELS and OSI, violated the FDCPA, 15 U.S.C. §1692 et seq., in one or more of the following ways:

    a. Defendants violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

    b. Defendant violated the FDCPA §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

c. Defendant violated the FDCPA § 1692e(4), when it represented or implicated that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in;

d. Defendant violated the FDCPA § 1692e (5), when it threatened to take any action that cannot legally be taken;

e. Defendant violated the FDCPA § 1692e (9), when it used or distributed Exhibit B to falsely represent a document to be authorized, issued, or approved by court;

f. Defendant violated the FDCPA §1692e (11), when it failed to disclose that debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

g. Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

h. Defendant violated the FDCPA §1692f (1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

i. Defendant violated the FDCPA §1692g and §1692g(a), when it failed to send a written notice containing appropriate disclosures about the alleged debt, including the name of the creditor, the amount of debt, etc.; and

j. Defendant violated the FDCPA when it was otherwise deceptive and failed to comply with the provisions of the FDCPA.

PLAINTIFF'S COMPLAINT

## V. JURY DEMAND

43. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GABRIELLE HARRIS, by and through her attorneys, respectfully pray for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation;

    c.    Plaintiff's attorneys' fees and costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

DATED: April 14, 2010    KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT